IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH W. JONES-BEY, | No. CIV S-08-0289-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| JAMES TILTON,[1] | |
| Defendant. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 7), filed on March 24, 2008.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

---

[1] While plaintiff also named Gaskin as a defendant to the original complaint, on March 24, 2008, plaintiff filed an amended complaint as of right which supercedes the original complaint and which only names Tilton. The Clerk of the Court is directed to update the docket to reflect that Tilton is the only defendant to this action.

1

from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names James Tilton, the director of the California Department of Corrections and Rehabilitation ("CDCR"), as the only defendant. He claims that CDCR has "refused to give me proper and professional medical and mental health care." He also claims that CDCR has "taken reprisals & move me to [High Desert State Prison]." As to defendant Tilton, plaintiff alleges that "Director James Tilton was put on notice a number of times." He then cites to numerous exhibits attached to his complaint, which comprise over 485 pages. He does not provide any further specificity regarding defendant Tilton's knowledge of or involvement in alleged constitutional violations in the body of his complaint.

The court notes that one of the documents attached to the complaint is an order from the Sacramento County Superior Court denying a state habeas petition in which plaintiff complained of allegedly inadequate medical care. The court dismissed the petition as moot.

## II. DISCUSSION

The first amended complaint must be dismissed, with leave to amend, for two reasons. First, by referencing over 485 pages of attached documents, the court finds that it does not contain a short and plain statement of plaintiff's claims. Second, plaintiff has not alleged with any specificity facts which would establish that defendant Tilton, who holds a supervisory role, is liable for any constitutional violations. The court will provide plaintiff with an opportunity to amend. In filing a second amended complaint, plaintiff should keep the principles outlined below in mind.

///
///
///

### Short and Plain Statement

The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff's complaint refers to over 485 pages of attached documents which purportedly support the factual allegations. This pleading method does not satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the court to comb through numerous pages of documents in order to even guess at plaintiff's claims. The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims.

### Medical Care Claims

As indicated above, it appears that plaintiff is attempting to assert claims based on medical care and treatment. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See

Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical

treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### Retaliation Claims

It also appears that plaintiff may be asserting a retaliation claim based on his contention that "reprisals" were taken. Prisoners retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must allege that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must allege a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also allege that his constitutional right was actually chilled by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). Thus, the prisoner plaintiff must allege the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action actually chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

### Supervisory Liability

Finally, plaintiff names as the only defendant an individual who holds a supervisory position. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. See id. When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

/ / /

/ / /

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's first amended complaint is dismissed with leave to amend; and

2.  Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: April 4, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE